IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

               Plaintiff,

v.                                              OPINION and ORDER

WAUPUN CORRECTIONAL INSTITUTION,
BRIAN FOSTER, and                              20-cv-83-jdp
PROPERTY CORRECTIONAL OFFICER,

               Defendants.

---

     Plaintiff Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution. Kidd alleges that prison staff ignored danger caused by his seizure disorder and confiscated some of his property. Kidd has made an initial partial payment of the filing fee as previously directed by the court.

     The next step is for me to screen Kidd's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Kidd cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure.

     The problem with the complaint is that Kidd is trying to bring two sets of claims against different sets of prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may

bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Kidd alleges that an unnamed sergeant refused to address Kidd's concern about being placed in an upper-floor cell because of the danger it would pose to Kidd if he had a seizure while near the stairs or railing. Kidd also alleges that WCI staff deprived him of a fan and a radio that he had purchased. But different sets of officials are responsible for the two alleged constitutional violations, so they do not belong in the same lawsuit.

I will give Kidd a short time to respond to this order by explaining which of these two lawsuits he wishes to pursue under this case number. After he has informed the court of his choice, I will treat the portion of his complaint pertaining to those claims as the operative pleading, and I will screen the claims that he has chosen. If Kidd also wishes to proceed on the set of claims he does not choose for this lawsuit, he should inform the court of that fact, and the clerk of court will open a new case for those allegations. The court will assess him an initial partial payment of the filing fee for that case.

When Kidd responds, he should also explain precisely who he intends to name as a defendant for each lawsuit. His current complaint mentions officials who are not named in the caption. But I can consider claims only against people named as defendants in the caption of the complaint. If Kidd states that he wishes to sue certain prison officials, I will amend the caption to include them.

Kidd has also filed motions regarding closing this case or combining it with his other open lawsuit in this court. Dkt. 13; Dkt. 14; Dkt. 16. I've already addressed those filings in Kidd's other case so I will not address them further here. *See* Dkt. 79 in case No. 18-cv-831-jdp.

Kidd has filed a motion asking the court to order prison officials to deduct funds from his release account to pay off some of the remainder of his filing fee for this case. But with the exception of initial partial payments of filing fees, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005), this court does not have the authority to tell state officials whether a prisoner should be able to withdraw money from a release account. Dkt. 17. So I will deny this motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 18 and 20.

2. Plaintiff may have until August 26, 2020, to submit a new complaint that complies with Rules 18 and 20.

3. Plaintiff's motion for use of release account funds, Dkt. 17, is DENIED.

Entered August 5, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge