IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                             OPINION and ORDER

WAUPUN CORRECTIONAL INSTITUTION,          20-cv-83-jdp
BRIAN FOSTER, and
PROPERTY CORRECTIONAL OFFICER,

                Defendants.

---

      Plaintiff Robert Pierre Kidd, appearing pro se, is a prisoner at Waupun Correctional Institution. Kidd alleges that prison staff ignored danger caused by his seizure disorder and confiscated some of his property. I dismissed Kidd's complaint because it violated the Federal Rules of Civil Procedure. *See* Dkt. 20. Kidd alleged that an unnamed sergeant refused to address Kidd's concern about being placed in an upper-floor cell because of the danger it would pose to Kidd if he had a seizure while near the stairs or railing. Kidd also alleged that WCI staff deprived him of a fan and a radio that he had purchased. But different sets of officials were responsible for the two alleged constitutional violations, so the claims do not belong in the same lawsuit.

      I directed Kidd to respond by explaining which of his two sets of allegations he wanted to pursue in the lawsuit. *Id.* I also directed him to explain precisely who he intends to name as a defendant in the lawsuit, because his complaint discussed officials who were not named in the caption. *Id.* Kidd has filed a series of responses but it's unclear whether Kidd meant to file some of them in this case or his other pending lawsuit, No. 18-cv-831-jdp. In the future he

should make sure to include the relevant case number at the top of each of his filings so that the clerk of court knows which of his cases to docket his filings in.

In any event, in none of these filings does Kidd choose a set of allegations to pursue. Instead he initially stated that he wished to close this case. *See* Dkt. 21, at 4. But he followed with letters asking to join this case with the '831 case, seeking to add allegations about being assaulted by gang members or about funds being taken from his trust fund account, or asking for the court's assistance in recruiting him counsel. *See* Dkts. 23–28; Dkt. 32–35.

I won't close the case because it's clear from Kidd's more recent submissions that he wants to continue with it. But I've already told Kidd that he cannot join his current allegations with the '831 case. Dkt. 20, at 3. I'll deny Kidd's requests to amend his complaint to add more allegations because the new allegations appear to have the same problems under Federal Rule of Civil Procedure 20 as his original complaint. And I won't recruit him counsel: as I've already explained to him in the '831 case, the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Kidd's current task—explaining which of the two sets of allegations he wishes to pursue in this lawsuit and naming the appropriate defendants—is not something that should require the assistance of counsel.

I'll set a final deadline for Kidd to tell the court whether he wishes to proceed with his claims about (1) placement in an upper-floor cell; or (2) deprivation of property. He should also explain precisely who he intends to name as a defendant for the lawsuit. If Kidd states that he wishes to sue certain prison officials, I will amend the caption to include them. If Kidd fails

to properly respond to the order by the deadline set below, the case may be dismissed for his failure to comply with this court's orders.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Pierre Kidd's motions to join this case with his other pending lawsuit, Dkt. 32 and Dkt. 33, are DENIED.

2. Plaintiff's motions to amend the complaint, Dkt. 24; Dkt. 25; Dkt. 27, are DENIED.

3. Plaintiff's motions for the court's assistance in recruiting him counsel, Dkt. 23; Dkt. 26; Dkt. 28; Dkt. 34; Dkt. 35, are DENIED without prejudice.

4. Plaintiff may have until March 18, 2021, to respond to this order as explained above.

Entered March 2, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge